**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**CASE NUMBER: 3:15cr74/RV**

**v.**

**BRIESE SCHIFFAHRTS GMBH & CO. KG**
_______________________________/

# PLEA AGREEMENT

## 1. PARTIES TO AGREEMENT

This agreement is entered into, by, and between, BRIESE SCHIFFAHRTS GMBH & CO. KG, as the Defendant, Austin P. Olney and Todd M. LaDouceur, as attorneys for the Defendant, the United States Department of Justice, Environmental Crimes Section, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

Defendant represents that it is authorized to enter into this Plea Agreement and to bind itself and its subsidiaries. At the time of signing this agreement,



FILED IN OPEN COURT THIS
3/15/2016
CLERK U. S. DISTRICT COURT, NORTH. DIST. FLA.

Defendant shall provide to the United States a sworn statement in the form of legal documents certifying that Defendant is authorized to enter into and comply with all of the provisions of this Plea Agreement. The resolution further shall certify that the Defendant's Board of Directors has authorized these actions, and that all corporate formalities for such authorizations have been observed. The Defendant also agrees to file with the Court written approval by the Defendant manifesting the intention and agreement to be bound by corporate authorization, and that Mr. Austin P. Olney and Mr. Todd M. LaDouceur are duly authorized corporate representatives and that they will appear at the plea and sentencing hearings on behalf of the Defendant. A copy of this written authorization for the Defendant shall be attached hereto as Attachment B.

2. TERMS OF THE AGREEMENT

The parties agree to the following terms:

a. The Defendant will plead guilty to Counts One through Three of the Information. Counts One and Two charge the Defendant with failure to accurately maintain an Oil Record Book, in violation of the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1908(a), arising from the acts and omissions of agents or employees of the Defendant, acting within the scope of their agency or employment for the intended benefit of the Defendant. Count Three charges the

Defendant with witness tampering, in violation of 18 U.S.C. § 1512(b)(3), arising from the acts and omissions of agents or employees of the Defendant, acting within the scope of their agency or employment for the intended benefit of the Defendant. For each Count, the Defendant faces a maximum fine of either $500,000.00, or twice the gross gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c) and (d); a term of probation of five years, pursuant to 18 U.S.C. § 3561(c)(1); and a special assessment of $400.00, pursuant to 18 U.S.C. § 3013(a)(2)(B). Defendant agrees to pay the special monetary assessment on or before the date of sentencing.

b. The maximum sentence to which the Defendant is subject includes restitution to victims, as permitted or required under 18 U.S.C. §§ 3663 and 3663A. The United States and the defendants agree that an order of restitution is not appropriate in this case.

c. That by voluntarily pleading guilty to the charges in the Information, the Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and

cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and, the right to compel the attendance of witnesses.

d. The Defendant is pleading guilty because the Defendant is in fact guilty of the charges alleged in Counts One through Three of the Information. In pleading guilty, the Defendant acknowledges that, were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

e. Upon the District Court's adjudication of guilt of the Defendant for the charged crimes, the United States will not file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled. The Defendant agrees that substantial evidence exists to support the charges.

f. Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

g. Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the Defendant. The United States further reserves the right to correct any misstatements by the Defendant or Defendant's attorneys and to present

evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure upward or downward is appropriate.

3. SENTENCING

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and the defendant, BRIESE SCHIFFAHRTS GMBH & CO. KG, recommend to the Court that the appropriate sentence shall include the following components.

(a) **Fine:** Defendant agrees to pay a fine of $1,250,000.00, to be paid jointly and severally by the defendant and BRIESE SCHIFFAHRTS GMBH & CO. KG MS "EXTUM." The United States shall make a recommendation to the Court that the fine shall be applied equally amongst all the Counts. The Defendant agrees not to object to the United States' recommendation. The parties agree to jointly recommend to the Court that the Defendant be permitted to make payment of the fine pursuant to the following schedule: $750,000.00 on the day of sentencing; a second payment of $250,000.00 no later than twelve months after the date of sentencing; and, a third payment of $250,000.00 no later than twenty-four months after the date of sentencing. Unless otherwise ordered by the Court, any portion of

the criminal fine unpaid on the day of sentencing shall accrue interest at the rate specified in 18 U.S.C. § 3612(f)(2). To ensure payment of the fine and other obligations in this agreement, the Government will initially retain the $1,000,000.00 bond (the "Initial Bond") previously posted by Defendants pursuant to the Amended Agreement on Security, dated May 8, 2015; provided, however, that the Defendant may post a replacement bond with the same terms and conditions as the Initial Bond except that the amount of each replacement bond may be adjusted so that it will be sufficient to cover only the amount of unpaid fine as of the date the replacement bond is posted.

(b) **Community Service Payment:** The Defendant also agrees to pay $250,000.00 as a community service payment pursuant to 18 U.S.C. § 3553(a), to be paid jointly and severally by the defendant and BRIESE SCHIFFAHRTS GMBH & CO. KG MS "EXTUM," to the National Fish and Wildlife Foundation ("NFWF"). NFWF is a charitable and non-profit organization established pursuant to 16 U.S.C. §§ 3701-3710. The community service payment shall be applied by NFWF to fund projects that enhance coastal habitats of the Gulf of Mexico and bolster priority fish and wildlife populations, while strengthening resilience within the coastal region. Specifically, NFWF will support conservation projects to restore oyster reefs, salt marsh habitat, and beach dunes in and around Pensacola

Bay, Escambia Bay, Blackwater Bay, and the Florida Panhandle coast. These projects will advance innovative restoration concepts and approaches, and fund species and habitat projects benefitting coastal ecosystems and communities, with a specific focus in and around Pensacola, Florida. The United States recommends that the Court additionally order as part of probation in this case that the Defendants shall not characterize, publicize, or refer to the Community Service Payment as a voluntary donation or contribution, nor shall the Defendant seek any reduction in its tax obligations as a result of having made the Community Service Payment. The Defendant agrees not to object to the United States' recommendation. The Community Service Payment is due within 30 days of sentencing.

(c) **Mandatory Special Assessment:** Defendant shall pay a special assessment for each count of conviction for a total aggregate special assessment amount of $1200.00. The special assessment is due on the date of sentencing.

(d) **Probation:** The parties jointly recommend that the Defendant be placed on organizational probation for a period of five years from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and U.S.S.G. §§ 8D1.1 and 8D1.2. The parties recommend that the terms of probation be as follows:

(1) No further violations. Defendant agrees that it shall commit no further violations of the International Convention for Prevention of Pollution from Ships ("MARPOL"), APPS, or any other federal, state, or local law, including those laws and regulations for which primary enforcement has been delegated to the state authorities, and shall conduct all of its operations in accordance with the environmental laws of the United States.

(2) Payments. Payment in full of the monetary amounts as set forth herein including all special assessments, fines, and restitution (if any), and community service.

(3) Exclusion from U.S. Waters. As a result of Defendant's decision not to develop, adopt, implement, and fund a comprehensive Environmental Compliance Plan during its term of probation to ensure its compliance with all applicable marine environmental protection requirements established under applicable international, flag state, port state, and coastal state law, and United States law, including, but not limited to, MARPOL and APPS, the Defendant agrees that the *M/V BBC Magellan*, IMO number 9569528, shall be banned and prohibited from doing further business in the United States, including the navigable waters, territorial seas, contiguous zone and exclusive economic zone of the United States, during the probationary period.

This Agreement shall bind Defendant and all subsidiaries of Defendants, including all related entities and subsidiaries involved in the ownership, operation, or technical operation of vessels, and staffing of vessels, including but not limited to BRIESE SCHIFFAHRTS GMBH & CO. KG, and all successors-in-interest, if applicable, and all successors and assigns. Defendant shall provide the government immediate notice of the following: any corporate name changes; any purchase, sale or reorganization of ship management companies; or any other change impacting upon or affecting this Agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the responsibilities of the Defendant under this Agreement. Defendant understands and agrees that it shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

The parties have entered into this Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the Plea Agreement, the parties have a right to withdraw the guilty plea.

Except as otherwise provided in this paragraph, the Defendant hereby expressly waives the right to appeal this sentence on any ground, including, but not limited to, any appeal right conferred by 18 U.S.C. § 3742 on the Defendant, and the Defendant further agrees not to contest this sentence in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The Defendant, however, reserves the right to appeal any sentence imposed that does not comply with the above stipulated sentence.

The Defendant further waives any right to seek attorney's fees or other litigation expense under the "Hyde Amendment," 18 U.S.C. § 3006A, and the Defendant acknowledges that the Government's position in the instant prosecution was not vexations, frivolous, or in bad faith.

The Defendant understands that any discussions with the Defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates, and the Court is not bound by those discussions. The Defendant understands that the sentencing guidelines are advisory and not mandatory for sentencing purposes. Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight, that provide guidance for the sentencing of corporate defendants, must be considered by the Court, except that, pursuant to USSG §§ 8C2.1 and 8C2.10, the United States Sentencing

Guidelines which pertain to the sentencing of organizations do not determine the fine range in cases involving environmental crimes, including the making of false statements, the use of false writings, or efforts to obstruct justice in order to conceal environmental crimes.

## 4. FACTUAL BASIS

The Defendant admits the facts set forth in the Statement of Facts, and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

5. CONCLUSION

The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

CHRISTOPHER P. CANOVA
Acting United States Attorney

AUSTIN P. OLNEY
District of Columbia Bar No. 914861
Attorney for Defendant
Of Counsel
C/O Galloway, Johnson, Tomkins,
Burr & Smith, A PLC
118 East Garden Street
Pensacola, Florida 32502
720-726-5170

J. RYAN LOVE
Florida Bar No. 0637920
Assistant United States Attorney
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502-5675
850-444-4000

TODD M. LADOUCEUR
Florida Bar No. 64051
Attorney for Defendant
Galloway, Johnson, Tomkins,
Burr & Smith, A PLC
118 East Garden Street
Pensacola, Florida 32502
850-436-7000

BRANDY N. PARKER
Texas Bar No. 24060384
Trial Attorney
Environmental Crimes Section
United States Department of Justice
601 D. Street NW, Suite 2810
Washington, DC 20004
202-307-0594

3/3/16
Date

3\15\16
Date